**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY NORMAN,

        Defendant - Appellant.

No. 99-1250

(D. Colorado)

(D.C. No. 94-CR-350-1-S)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Norman, aka "Stitch," was charged in March 1995 in a five-count indictment with possession with intent to distribute methamphetamine, being a felon in possession of a firearm, and three other charges involving firearms and a destructive device. This arose out of an episode in which Mr. Norman was pulled over following a traffic accident, and police officers discovered weapons and methamphetamine on his person and in and around his vehicle.

Mr. Norman pleaded not guilty on all charges and proceeded to trial. He testified in his own defense and denied his guilt but admitted that he had possessed methamphetamine and that he had possessed a firearm. The jury convicted Mr. Norman of possessing with intent to distribute methamphetamine and being a felon in possession of a firearm, but acquitted him of the remaining charges. He received a 151-month sentence for the drug conviction and a concurrent 120-month sentence for the firearms possession. He also received an enhancement for obstruction of justice.

On appeal from that conviction and sentence, we reversed the felon in possession conviction and the obstruction of justice enhancement, vacated Mr. Norman's sentence and remanded the case for resentencing. See United States v. Norman, 129 F.3d 1393 (10th Cir. 1997). Mr. Norman was resentenced in May 1999. He requested an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, which the district court denied. Mr. Norman's criminal history category

was determined to be Category II, with an offense level of 28. He declined the opportunity to make a statement prior to sentencing. The court sentenced Mr. Norman to 96 months imprisonment. He appeals, arguing only that the court erred in not granting him a downward adjustment for acceptance of responsibility.

U.S.S.G. § 3E1.1 provides for a two-point downward adjustment in a defendant's base offense level if "the defendant clearly demonstrates acceptance of responsibility for his offense." The defendant bears the burden of proving entitlement to that adjustment. See United States v. Hill, 197 F.3d 436, ___ (10th Cir. 1999). "A district court's decision regarding whether a defendant has accepted responsibility for purposes of § 3E1.1 is a factual determination we review only for clear error." Id. Further, because the sentencing judge "is in a unique position to evaluate the defendant's acceptance of responsibility," his or her determination "is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5); see also United States v. Janusz, 135 F.3d 1319, 1325 (10th Cir. 1998).

The commentary to § 3E1.1 states that the § 3E1.1 adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, comment. (n.2). However, as Mr. Norman argues, and the government concedes, the fact that Mr.

Norman chose to go to trial does not automatically and irrevocably bar him from receiving a downward adjustment for acceptance of responsibility. There may be "rare" situations where "a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Id. This is not the rare situation where a downward adjustment is merited even though the defendant went to trial. Although Mr. Norman admitted at trial that he possessed methamphetamine, he did not admit to any intention to distribute the drug. He was convicted of possession with intent to distribute methamphetamine. He never admitted any of the essential elements of his crime before trial. He made no expression of remorse nor did he accept responsibility for his crime at his resentencing hearing. We perceive no clear error in the court's determination not to grant him a downward adjustment.

For the forgoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-